UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF USA PURSUANT TO 18 U.S.C. 3512 FOR 2703(d) ORDER FOR ONE PHONE NUMBER SERVICED BY AT&T CORPORATION | ML No. 22-ml-1376 |

*Reference:*  DOJ Ref. # CRM-182-82920; Subject Account: +1 (500) 797-0641

### APPLICATION OF THE UNITED STATES
### FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel, respectfully submits this *ex parte* application for an Order, pursuant to 18 U.S.C. §§ 2703(d) and 3512(a), and the Council of Europe, Convention on Cybercrime, opened for signature Nov. 23, 2001, T.I.A.S. 13174, C.E.T.S. 185 (entered into force for the United States Jan. 1, 2007) (hereinafter, the "Convention"), to execute a request from the Republic of Moldova ("Moldova"). The proposed Order would require AT&T Corporation ("PROVIDER"), an electronic communication service and/or remote computing service provider located in North Palm Beach, Florida, to disclose certain records and other information pertaining to the PROVIDER account associated with +1 (500) 797-0641, as set forth in Part I of Attachment A to the proposed Order, within ten days of receipt of the Order. The records and other information to be disclosed are described in Part II of Attachment A to the proposed Order. In support of this application, the United States asserts:

### LEGAL BACKGROUND AND JURISDICTION

1. PROVIDER is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require

PROVIDER to disclose the items described in Part II of Attachment A.  *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2.  This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711.  18 U.S.C. § 2703(d).  Specifically, the Court "is acting on a request for foreign assistance pursuant to [18 U.S.C.] section 3512." 18 U.S.C. § 2711(3)(A)(iii); *see also* 18 U.S.C. § 3512(a)(2)(B) (court may issue "a warrant or order for contents of stored wire or electronic communications or for records related thereto, as provided under section 2703"); 18 U.S.C. § 3512(c)(3) ("application for execution of a request from a foreign authority under this section may be filed . . . in the District of Columbia").

3.  Section 3512 provides:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.

18 U.S.C. § 3512(a)(1).  This application to execute Moldova's request has been duly authorized by an appropriate official of the Department of Justice, through the Criminal Division, Office of International Affairs,[1] which has authorized execution of the request and has delegated the undersigned to file this application.  The undersigned has reviewed the request and has confirmed that it was submitted by authorities in Moldova in connection with a criminal investigation and/or prosecution.

---

[1] The Attorney General, through regulations and Department of Justice directives, has delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters.  *See* 28 C.F.R. §§ 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81B and 81C (2018).

4. A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that . . . the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## RELEVANT FACTS

5. Authorities in Moldova are investigating an unknown person(s) for murder offenses, which occurred in December 2020, in violation of the criminal law of Moldova, specifically, Article 145 of the Moldovan Criminal Code. A copy of the applicable law is appended to this application. The United States, through the Office of International Affairs, received a request from Moldova to provide the requested records to assist in the criminal investigation and/or prosecution. Under the Convention, the United States is obligated to render assistance in response to the request.

6. According to authorities in Moldova, on December 12, 2020, an individual found a charred body in the forest located between the villages of Nicolaevca and Mihailovca. The body was taken to the Soroca District Hospital for a forensic examination. The forensic examination identified the victim as female, approximately 18-25 years old, with burns over ninety percent of her body. The cause of death was arson. The exact time of death could not be determined. To date, neither the victim nor the suspect(s) has been identified by investigators.

7. Investigators obtained a court order to collect historical mobile phone data from the cell towers nearest the crime scene. Pursuant to the court order, telecommunications

providers produced phone data from December 7-16, 2020. Investigators stated that they requested data for this period based on two considerations, first, that the suspect(s) brought the victim to the forest and second, either the suspect(s) or victim could have used a mobile phone or other electronic communication device near the crime scene.

8. After receiving and analyzing the historical phone data, investigators limited their search to phone numbers that used Internet connection and call service and phone numbers that received a call from another user who was also in the vicinity. According to investigating authorities the phone number +1 (500) 797-0641 met their criteria.

9. Investigators are requesting non-content records for phone number +1 (500) 797-0641 to assist in identiying a witness or the victim.

**REQUEST FOR ORDER**

10. The facts set forth above show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Specifically, these items will help authorities in Moldova

identify and locate the individual(s) who are responsible for the criminal activity under investigation, and to determine the nature and scope of that criminal activity. Accordingly, the United States requests that PROVIDER be directed to produce all items described in Part II of Attachment A to the proposed Order within ten days of receipt of the Order.

    Respectfully submitted,

    VAUGHN A. ARY
    DIRECTOR
    OFFICE OF INTERNATIONAL AFFAIRS
    OK Bar Number 12199

By: *(signature)*
    Tracy M. Johnson
    Trial Attorney
    WI Bar Number 1023069
    Office of International Affairs
    Criminal Division, Department of Justice
    1301 New York Avenue, N.W., Suite 300
    Washington, D.C. 20530
    (202) 616-1487 telephone
    (202) 514-0080 facsimile
    Tracy.Johnson2@usdoj.gov

5

**Relevant Provision of the Moldovan Criminal Code**

Article 145.  Deliberate Murder
1. The murder of a person shall be punished by imprisonment for 10 to 15 years.
2. The murder
    a) committed with premeditation;
    b) committed for purposes of profit;
    c) *[Letter c) excluded by Law No. 277-XVI dated 12.18.2008, in force as of 24.05.2009]*
    d) committed in connection with the performance by the victim of official or public duties;
    e) of a person known to be a juvenile or a pregnant woman or committed by taking advantage of the victim's known or obvious helpless condition caused by advance age, disease, physical, or mental handicap or another factor;
    $e^1$) committed on a family member
    f) accompanied by kidnapping or taking the person hostage;
    g) of two or more persons;
    h) of a representative of a public authority or a service person or their close relatives during or in connection with the performance of professional duties by the representative or the service person;
    i) committed by two or more persons;
    j) committed with extreme cruelty or with sadistic motives;
    k) committed in order to conceal another crime or to facilitate its commission;
    l) committed from motives of social, racial, or religious hatred;
    m) committed through means dangerous to life and health of many persons;
    n) committed in order to remove and/or use or sell the victim's organs or tissues;
    o) committed by a person who previously had committed an intentional murder set forth in para. (1)
    p) committed by contract;
    shall be punished by imprisonment for 15 to 20 years or by life imprisonment.